## GIBSON COUNTY, in error, *v.* A. W. RAINS.

1. COUNTY WARRANTS. *Pleadings and practice. Supreme Court practice.* Whether county warrants are instruments of such a character that suits may be predicated upon them is not determined in this case. No such objection was raised in the court below, and such objection cannot be made now in the Supreme Court. The same is true as to the objection that county warrants are not negotiable, and suit cannot be maintained in name of assignee.

2. SAME. *Suits against county..* A county may be sued upon a demand although the plaintiff may not have followed and exhausted all the modes prescribed by sec. 427 *et sequente* of the Code for obtaining money from the county treasury.

3. SAME. *Interest.* These warrants are not negotiable and do not bear interest, but the jury may allow interest by way of damages, if they see proper.

---

FROM GIBSON.

---

Appeal from the Circuit Court of Gibson county. J. T. CARTHEL, J.

HILL & WILLIAMSON and McDEARMAN & TYREE for county.

JOHN S. COOPER for Rains.

COOKE, Sp. J., delivered the opinion of the Court.

Rains sued Gibson county, before a justice of the peace, upon a number of county warrants, some of which had been issued to him directly by the chairman of the county court, and some issued to other persons and either assigned to him or transferred by delivery. The following are specimens of these war-rants:

$44.20.
To the Trustee of the county of Gibson:
  Pay to A. W. Rains $44.20 on account of spring jury tickets, appropriation, etc., from 1st of March, 1876.
  Allowed April term, 1876.
                                        A. W. RAINS, *Chairman.*
  No. 1339, Book A, page 53.

$25.00.
To the Trustee of the county of Gibson:
  Pay to V. M. Taylor, Trustee, etc., twenty-five dollars on account of amount allowed Mrs. Clay and family as paupers.
  Allowed April term, 1875.
                                        A. W. RAINS, *Chairman.*
  No. 329, Book A, page 13.
  Pay to A. W. Rains.
                                        V. L. M. TAYLOR.
                                        By J. T. ALFORD.

All of said warrants were issued before February, 1877. Suit was instituted on the 18th of February, 1878. Judgment was rendered in favor of the plaintiff, and the defendant appealed to the circuit court, where the cause was tried by the court without the intervention of a jury, when judgment was rendered

in favor of the plaintiff below, and the county has appealed to this court.

Various errors are assigned here for reversal.

It is first alleged that the county cannot be sued upon these demands, at least until the plaintiff has followed and exhausted all the modes prescribed by section 427, and following sections, of the Code for obtaining money from the county treasury.

We do not think there is anything in this position. The provisions of the Code above referred to were evidently intended to protect the county treasury from peculations, and also to facilitate the collection of claims against the county without suits. But by section 403 of the Code "suits may be maintained against a county for any just claim as against other corporations, and process shall be served upon the presiding officer of the county." And by section 534, "where judgment is obtained against a county, the county court shall impose a tax to pay it at the next regular imposition of taxes after the judgment; and the taxes, when levied and collected, shall be immediately applied to the payment of the judgment." The case of *Camp* v. *Knox County*, 3 Lea, 199, was a suit upon a county warrant in substance precisely similar to these now under consideration, and the only question made in that case was as to whether or not it bore interest as a matter of law; and while this question was determined adversely to the plaintiff in that case, the suit was maintained and judgment rendered in favor of the plaintiff for the amount specified in the warrant with-

out interest.   So in the case of *Davidson   County* v. *Olwill,* 4 Lea, 28, ' and  the  causes  heard  with  it. These were agreed cases, and the question was whether the county could stipulate by express contract to pay interest upon these warrants after a given time, and it was held that it could, and judgment was rendered against the county.   In  neither  of  these  cases was there any question made as to the right of the holder of these demands against the county to sue upon them.

It is next 'objected that these warrants are not instruments of such a character that suits can be predicated upon them.   In  the  case  of  *Bradley County* v. *Surgoine & Tibbs,* 9 Baxt., 407, it seems to have been assumed that they were, but without any discussion of the question or citation of authorities.   Yet in a later case (*Camp* v. *Knox County,* 3 Lea, 199,) this was seriously questioned.   How this is, it is not necessary here to inquire or determine, as in this case no objection was taken in the case below, in any manner, either to the form of the action or the introduction of these warrants in support of it. Under the liberal rules established in favor of proceedings before justices of the peace, we hold that it is too late now to make the objection, as, if it had been done upon the trial below, the proper amendment might have been made under our statutes of jeofail.

The next objection urged is, that as these warrants are not negotiable, the plaintiff below cannot maintain the suit in his own name upon such of

them as were assigned to him or transferred by delivery.

The same answer applies to this as well as to the last objection. This was mere matter of form, and no exception having been taken in the court below, it was cured by the finding of the court acting in the place of a jury, and cannot now be assigned as error: 1 Heis., 313.

The circuit court allowed interest upon these demands from the time the warrants were presented to the trustee and payment refused because there was no money in the treasury, and it is very earnestly insisted that this was error.

It is very true that these warrants, although drawn in the form of negotiable instruments, are not such by law, and do not bear interest, either from the date of their issuance, or even after demand and refusal of payment, and are simply *prima facie* evidence, in the hands of the holder, of a non-interest-bearing demand against the county. Yet such demand, being left as at common law, and being due and unpaid, a jury, or the court acting as or instead of a jury, had an equitable power to give interest by way of damages, if he thought justice so demanded. And having exercised that power, we see no cause to interfere with it.

It is also urged that the court erred in refusing to allow a continuance of the cause on the application of the defendant below, in support of which a statement taken as upon affidavit was submitted, to the effect that one Beggs, the then chairman of the

Gibson County *v.* Rains.

county court, had been attending to the case; that he was a material witness, and setting forth facts which the counsel deemed material for the defense, and which he expected to prove by said witness, and that letters had been received from him stating that his family and himself were too sick for him to leave them. It is not necessary to inquire whether the facts which it was stated were expected to be proved by said witness were material or not, as it is not shown that he had been summoned as a witness in the cause, or any reason why he was not summoned, or that he or his family were actually sick, or that there was no other witness known to the defense, either present or whose attendance could be procured, by whom the same facts could be proved. It was also further stated that one of the leading counsel for the defendant was sick and unable to attend the court, but as the court no doubt saw that the defense had other leading and competent counsel present, and as the cause had then been in court more than a year, his honor declined to grant the application. This was a discretion belonging to the circuit judge, to be exercised by him in view of all the surrounding circumstances, and we think his action was correct; or at least we see no grounds to justify us in reversing it. The record contains no reversible error, and the judgment of the circuit court will be affirmed.

The court below, before granting the appeal prayed to this court, required the defendant to give bond in double the amount of the judgment, conditioned

to abide by and perform the judgment of this court. This his Honor had no right to require; upon this sort of a demand, a cost bond was all that was authorized by law. It has been frequently held by this court that where such a bond has been exacted by the court, without authority of law, it is only obligatory to the extent of the requirements of the law in such case. Judgment will therefore only be rendered against the sureties on the appeal bond jointly with the principal for the costs of this court, and interest since the appeal, and against the principal alone for the amount of the judgment of the circuit court.

Case No. 220, between the same parties, involves the same questions, and will also be in like manner affirmed.